# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

In Re:  E.P. WALLACE,

        Movant.

Case No. 09-MISC-24

_____

## ORDER

On April 20, 2009, E.P. Wallace ("Wallace") filed what appears to be a motion for an indefinite extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wallace is currently confined at Jackson Correctional Institution in Black River Falls, Wisconsin. He states that he is concerned about the statute of limitations running on his habeas petition and "wants to ensure that he is able to return to the Federal Courts after exhausting his State Remedies." Wallace's motion does not indicate what conviction he may challenge, or when he was convicted.

A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct criminal appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The one-year limitation may be tolled pursuant to the provisions in 28 U.S.C. §§ 2244(d)(1)(B)-(D). *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). The one-year limitation period

may also be equitably tolled if a state prisoner encounters some impediment other than those covered in § 2244(d)(1)(B)-(D) and (2) that prevents the filing of the federal habeas petition. *Taliani*, 189 F.3d at 598; *see also Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001). Equitable tolling excuses an untimely filing when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Wallace provides no support for his motion other than his expressed concerns about the statute of limitations. Therefore, the court is unable to determine whether Wallace has standing to bring a habeas petition in federal court, let alone whether an extension of time to file such a petition might be warranted. Therefore, the court is obliged to deny the motion for an extension of time. A copy of this order will be sent to the warden of Jackson Correctional Institution and to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857.

Accordingly,

**IT IS ORDERED** that the motion for abeyance (Docket #1) be and the same is hereby **DENIED** and this matter is **DISMISSED**;

Dated at Milwaukee, Wisconsin, this 29th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge